**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 DEC -2  PM 1: 35

DEPUTY CLERK___RAN___

UNITED STATES OF AMERICA

v.

JAMES MAINES, JR.

NO.   3:14-CR-489-K

## PLEA AGREEMENT

James Maines, Jr., (the defendant), Warren St. John, (the defendant's

attorney), and the United States of America (the government), agree as follows:

1. **Rights of the defendant**:   Maines understands that he has the rights:

    a.     to plead not guilty;

    b.     to have a trial by jury;

    c.     to have his guilt proven beyond a reasonable doubt;

    d.     to confront and cross-examine witnesses and to call witnesses
    in his defense; and

    e.     against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**:   Maines waives these rights

and pleads guilty to the offense alleged in Count Three of the Superseding

Indictment, charging a violation of 18 U.S.C. § 2252A(a)(2), that is, Receipt of

Child Pornography.   Maines understands the nature and elements of the crime to

which he is pleading guilty, and agrees that the factual resume he has signed is true

and will be submitted as evidence.

3.    **Sentence**:   The minimum and maximum penalties the Court can impose for Count Three include:

   a.    imprisonment for a period not less than five years and not to exceed 20 years;

   b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c.    a term of supervised release, of any term of years or life, but not less than five years, which will follow any term of imprisonment.   If Maines violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d.    a mandatory special assessment of $100;

   e.    restitution to victims or to the community, which is mandatory under the law;

   f.    costs of incarceration and supervision; and

   g.    forfeiture of property as alleged in the Superseding Indictment.

4.    **Court's sentencing discretion and role of the Guidelines**:   Maines understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.   The guidelines are not binding on the Court, but are advisory only.   Maines has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.   Maines will not be allowed to withdraw his plea if his sentence is higher than expected.   Maines fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.  **Mandatory special assessment**:   Prior to sentencing, Maines agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6.  **Defendant's agreement**:   Maines shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction.   Upon demand, Maines shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

Maines expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court.   Maines fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.   In the event the Court imposes a schedule for payment of restitution, Maines agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy his full and immediately enforceable financial obligation.   Maines understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7.  **Government's agreement**:   The government will not bring any additional charges against Maines based upon the conduct underlying and related to the Maines's plea of guilty.   After sentencing, the government will dismiss all

remaining counts still pending against Maines.   Maines understands this plea
agreement does not bar any prosecution for production of child pornography if
located on his seized computers or other seized items.   The government will file a
Supplement in this case, as is routinely done in every case, even though there may
or may not be any additional terms.   This agreement is limited to the United States
Attorney's Office for the Northern District of Texas and does not bind any other
federal, state, or local prosecuting authorities, nor does it prohibit any civil or
administrative proceeding against Maines or any property.

8.     **Forfeiture**:   Maines further agrees not to contest, challenge, or
appeal in any way the administrative or judicial (criminal or civil) forfeiture to the
United States of any property seized or restrained by law enforcement officers
during the investigation(s) related to this criminal cause, including:   one HP
Compaq DX2250 desktop computer, serial number MXL8100BNF, containing
Hitachi Deskstar 80 GB HD, serial number PVFB04ZETY78ME; and one Maxtor
Hard Drive, serial number L804BZ7A; seized from his residence in Mesquite,
Texas, and any photos or videos located on the devices.   Maines consents to entry
of any orders or declarations of forfeiture regarding all such property and waives
any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609;
18 U.S.C. §§ 981, 983 and 985; the Code of Federal Regulations; and Rules 11 and
32.2 of the Federal Rules of Criminal Procedure.   Maines agrees to provide
truthful information and evidence necessary for the government to forfeit such
property.   Maines agrees to hold the government, its officers, agents, and

employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage or disposal of such property.

9.     **Violation of agreement**:   Maines understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Maines for all offenses of which it has knowledge.   In such event, Maines waives any objections based upon delay in prosecution.   If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Maines also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10.     **Voluntary plea**:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.   There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.     **Waiver of right to appeal or otherwise challenge sentence**: Maines waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction, sentence, fine, order of restitution, and forfeiture order in amount to be determined by the district court.   He further waives his right to seek any future reduction in his sentence (*e.g.*, based on a change in sentencing guidelines or statutory law).   He also waives his right to contest his conviction, sentence, fine, order of restitution and forfeiture order in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.   Maines,

however, reserves the rights (a) to challenge the voluntariness of his plea of guilty or this waiver, and (b) to bring a claim of ineffective assistance of counsel.

12.    **Representation of counsel**:    Maines has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.    Maines has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.    Because he concedes that he is guilty, and after conferring with his lawyer, Maines has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[remainder of page left intentionally blank]

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this ___ day of _____, 2015.

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
JAMES MAINES, JR.
Defendant

_____
CAMILLE E. SPARKS
Assistant United States Attorney
Texas State Bar No. 00790878
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.659.8809
Email: Camille.Sparks@usdoj.gov

_____
WARREN ST. JOHN
Attorney for Defendant
Texas State Bar No.

_____
GARY TROMBLAY
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____
JAMES MAINES, JR.
Defendant

_____
Date

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions:    where I reside; where I am an employee; and where I am a student.    I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information.    I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status.    I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment or both.

_____          _____
JAMES MAINES, JR.                                         Date
Defendant

I am the defendant's counsel.    I have carefully reviewed every part of this Plea Agreement with the defendant.    To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          _____
WARREN ST. JOHN                                          Date
Attorney for Defendant